C.V. filed___X___C.V. not req._____

No delinquent taxes

Transfer Entered

Feb 7, 2014 3:58 PM

Hennepin County, Minnesota
Mark V. Chapin
County Auditor and Treasurer

Doc No **A10053109**

Certified, filed and/or recorded on
Feb 7, 2014 3:58 PM
Office of the County Recorder
Hennepin County, Minnesota
·Martin McCormick, County Recorder
Mark V. Chapin, County Auditor and Treasurer

| Deputy 76 | Pkg ID 1081128C |
|---|---|

**Doc Name: Contract for Deed**

| Document Recording Fee | $46.00 |
|---|---|
| *Document Total* | $46.00 |

**PID(s)**
09-029-24-22-0172

This cover sheet is now a permanent part of the recorded document.

**EXHIBIT**
**3**

**CONTRACT FOR DEED**
by Business Entity

**Minnesota Uniform Conveyancing Blanks**
Form 30.1.2 (2011)

DATE: 10/25/2013
_____
 _(month/day/year)_

THIS CONTRACT FOR DEED (the "**Contract**") is made on the above date by 3538 Newton LLC _____
_(insert name of Seller)_

a _____ under the laws of Minnesota _____

("**Seller**"), and Sergio Fernandez Rodriguez _____
_(insert name of each Purchaser)_

_____ ("**Purchaser**"). _(Check box if ☐ joint tenancy.)_

Seller and Purchaser agree to the following terms:

1. Property Description. Seller hereby sells and Purchaser hereby buys real property in Hennepin _____
County, Minnesota, described as follows:

PID: 09-029-24-22-0172
Municipality: MINNEAPOLIS
Addition Name: EGBERTS 2ND ADDN TO MPLS
Lot: 025
Block: 002
_Check here if all or part of the described real property is Registered (Torrens)_ ☐

together with all hereditaments and appurtenances belonging thereto (the "Property"). Unless otherwise specified, Seller hereby delivers possession of the Property to Purchaser on the date hereof.

_Check applicable box:_

■ The Seller certifies that the Seller does not know of any wells on the described real property.

☐ A well disclosure certificate accompanies this document or has been electronically filed. (If electronically filed, insert WDC number: _____ .)

☐ I am familiar with the property described in this instrument and I certify that the status and number of wells on the described real property have not changed since the last previously filed well disclosure certificate.

2. Title. Seller warrants that title to the Property is, on the date of this Contract, subject only to the following exceptions:

(a) Covenants, conditions, restrictions (without effective forfeiture provisions) and declarations of record, if any;

(b) Reservation of minerals or mineral rights by the State of Minnesota, if any;

(c) Utility and drainage easements which do not interfere with present improvements;

(d) Applicable laws, ordinances, and regulations;

(e) The lien of real estate taxes and installments of special assessments which are payable by Purchaser pursuant to paragraph 6 of this Contract; and

(f) The following liens or encumbrances:

N/A

3. Delivery of Deed and Evidence of Title. Upon Purchaser's full performance of this Contract, Seller shall:

(a) Execute, acknowledge, and deliver to Purchaser a _Warranty_ Deed, in recordable form, conveying marketable title to the Property to Purchaser, subject only to the following exceptions:

(i) Those exceptions referred to in paragraph 2(a), (b), (c), (d), and (e) of this Contract;

(ii) Liens, encumbrances, adverse claims or other matters which Purchaser has created, suffered or permitted to accrue after the date of this Contract; and

(iii) The following liens or encumbrances:

N/A

(b) Deliver to Purchaser the abstract of title to the Property, without further extension, to the extent required by the purchase agreement (if any) between Seller and Purchaser.

4. Purchase Price. Purchaser shall pay to Seller at _3040 4th Ave S, Minneapolis, MN 55408_

the sum of _eighty Thousand dollars_

_____ Dollars ($ _80,000.00_ ), as and for the purchase price (the "Purchase Price") for the Property, payable as follows:

A) Buyer will pay $ 10,000.00 as 1st part of down payment on October 26, 2013.

B) Buyer will pay $ 2,000.00 2nd part of down payment on December 26,2013.

C) Buyer will pay $ 1,000.00 per month as 12 monthly installments starting from November 1st 2013 to October 1, 2014.

D) Buyer will pay 56,000.00 as balloon payment on November 1st 2014.

E) Buyer will pay $ 100.00 late fee if monthly mortgage payment is not received by the 5th of the month.

F) If buyer fail to pay monthly mortgage payment by the 10th of the month this contract is canceled and buyer agree to move out of the property.

G) Buyer will homestead this property. Buyer will not rent this property until contract is paid in full.

H) Property is sold "AS IS". Buyer and seller agree to waive the state of MN disclosure requirements.

I) Seller has No Knowledge and NO Reports of Lead Base Paint in the property.

J) Buyer is responsible for city repairs if any.

K) Seller will not charge any interest on this loan.

5. Prepayment. Unless otherwise provided in this Contract, Purchaser shall have the right to fully or partially prepay this Contract at any time without penalty. Any partial prepayment shall be applied first to payment of amounts then due under this Contract, including unpaid accrued interest, and the balance shall be applied to the principal installments to be paid in the inverse order of their maturity. Partial prepayment shall not postpone the due date of the installments to be paid pursuant to this Contract or change the amount of such installments.

6. Real Estate Taxes and Assessments. Real estate taxes and installments of special assessments which are due and payable in the year in which this Contract is dated shall be paid as follows:

Buyer to pay 1/12 taxes and insurance premiums to seller each month in addition to the monthly payment

Purchaser shall pay, before penalty accrues, all real estate taxes and installments of special assessments assessed against the Property which are due and payable in all subsequent years. Seller warrants that the real estate taxes and installments of special assessments which were due and payable in the years preceding the year in which this Contract is dated are paid in full. If the Property is subject to a recorded declaration providing for assessments to be levied against the Property by any owners' association, Purchaser shall promptly pay, when due, all assessments imposed by the owners' association or other governing body as required by the provisions of the declaration or other related documents.

7. Property Insurance.

(a) Insured Risks and Amounts. Purchaser shall keep all buildings, improvements, and fixtures now or later located on or a part of the Property insured against loss by fire, lightning and such other perils as are included in a standard "all-risk" endorsement, and against loss or damage by all other risks and hazards covered by a standard extended coverage insurance policy, including, without limitation, vandalism, malicious mischief, burglary, theft and, if applicable, steam boiler explosion. Such insurance shall be in an amount no less than the full replacement cost of the buildings, improvements, and fixtures, without deduction for physical depreciation. If any of the buildings, improvements, or fixtures are located in a federally designated flood prone area, and if flood insurance is available for that area, Purchaser shall procure and maintain flood insurance in amounts reasonably satisfactory to Seller.

(b) Other Terms. The insurance policy shall contain a loss payable clause in favor of Seller which provides that Seller's right to recover under the insurance shall not be impaired by any acts or omissions of Purchaser or Seller, and that Seller shall otherwise be afforded all rights and privileges customarily provided a mortgagee under the so-called standard mortgage clause.

(c) Notice of Damage. In the event of damage to the Property by fire or other casualty, Purchaser shall promptly give notice of such damage to Seller and the insurance company.

8. Damage to the Property.

(a) Application of Insurance Proceeds If the Property is damaged by fire or other casualty, the insurance proceeds paid on account of such damage shall be applied to payment of the amounts payable by Purchaser under this Contract, even if such amounts are not then due to be paid, unless Purchaser makes a permitted election described in the next paragraph. Such amounts shall be first applied to unpaid accrued interest and next to the installments to be paid as provided in this Contract in the inverse order of their maturity. Such payment shall not postpone the due date of the installments to be paid pursuant to this Contract or change the amount of such installments. The balance of insurance proceeds, if any, shall be the property of Purchaser.

(b) Purchaser's Election to Rebuild. If Purchaser is not in default under this Contract, or after curing any such default, and if the mortgagees in any prior mortgages and sellers in any prior contracts for deed do not require otherwise, Purchaser may elect to have that portion of such insurance proceeds necessary to repair, replace, or restore the damaged Property (the "Repairs") deposited in escrow with a bank or title insurance company qualified to do business in the State of Minnesota, or such other party as may be mutually agreeable to Seller and Purchaser. The election may only be made by written notice to Seller within sixty (60) days after the damage occurs. Also, the election will only be permitted if the plans and specifications and contracts for the Repairs are approved by Seller, which approval Seller shall not unreasonably withhold or delay. If such a permitted election is made by Purchaser, Seller and Purchaser shall jointly deposit, when paid, such insurance proceeds into such escrow. If such insurance proceeds are insufficient for the Repairs, Purchaser shall, before the commencement of the Repairs, deposit into such escrow sufficient additional money to insure the full payment for the Repairs. Even if the insurance proceeds are unavailable or are insufficient to pay the cost of the Repairs, Purchaser shall at all times be responsible to pay the full cost of the Repairs. All escrowed funds shall be disbursed by the escrowee in accordance with generally accepted sound construction disbursement procedures. The costs incurred or to be incurred on account of such escrow shall be deposited by Purchaser into such escrow before the commencement of the Repairs. Purchaser

shall complete the Repairs as soon as reasonably possible and in a good and workmanlike manner, and in any event the Repairs shall be completed by Purchaser within one (1) year after the damage occurs. If, following the completion of and payment for the Repairs, there remains any undisbursed escrow funds, such funds shall be applied to payment of the amounts payable by Purchaser under this Contract in accordance with paragraph 8(a) above.

(c)  Owners' Association.  If the Property is subject to a recorded declaration, so long as the owners' association maintains a master or blanket policy of insurance against fire, extended coverage perils and such other hazards and in such amount as are required by this Contract, then: (i) Purchaser's obligation in the Contract to maintain hazard insurance coverage on the Property is satisfied; (ii) the provisions of paragraph 8(a) of this Contract regarding application of insurance proceeds shall be superseded by the provisions of the declaration or other related documents; and (iii) in the event of a distribution of insurance proceeds in lieu of restoration or repair following an insured casualty loss to the Property, any such proceeds payable to Purchaser are hereby assigned and shall be paid to Seller for application to the sum secured by this Contract, with the excess, if any, paid to Purchaser.

9.  Injury or Damage Occurring on the Property.

(a)  Liability.  Seller shall be free from liability and claims for damages by reason of injuries occurring on or after the date of this Contract to any person or persons or property while on or about the Property. Purchaser shall defend and indemnify Seller from all liability, loss, cost, and obligations, including reasonable attorneys' fees, on account of or arising out of any such injuries. However, Purchaser shall have no liability or obligation to Seller for such injuries which are caused by the negligence or intentional wrongful acts or omissions of Seller.

(b)  Liability Insurance.  Purchaser shall, at Purchaser's own expense, procure and maintain liability insurance against claims for bodily injury, death and property damage occurring on or about the Property in amounts reasonably satisfactory to Seller and naming Seller as an additional insured.

10.  Insurance Generally.  The insurance which Purchaser is required to procure and maintain pursuant to paragraphs 7 and 9 of this Contract shall be issued by an insurance company or companies licensed to do business in the State of Minnesota and acceptable to Seller. The insurance shall be maintained by Purchaser at all times while any amount remains unpaid under this Contract. The insurance policies shall provide for not less than ten (10) days written notice to Seller before cancellation, non-renewal, termination or change in coverage, and Purchaser shall deliver to Seller a duplicate original or certificate of such insurance policy or policies.

11.  Condemnation.  If all or any part of the Property is taken in condemnation proceedings instituted under power of eminent domain or is conveyed in lieu thereof under threat of condemnation, the money paid pursuant to such condemnation or conveyance in lieu thereof shall be applied to payment of the amounts payable by Purchaser under this Contract, even if such amounts are not then due to be paid. Such amounts shall be applied in the same manner as a prepayment as provided in paragraph 5 of this Contract. Such payments shall not postpone the due date of the installments to be paid pursuant to this Contract or change the amount of such installments. The balance, if any, shall be the property of Purchaser.

12.  Waste, Repair, and Liens.  Purchaser shall not remove or demolish any buildings, improvements, or fixtures now or later located on or a part of the Property, nor shall Purchaser commit or allow waste of the Property. Purchaser shall maintain the Property in good condition and repair.  Purchaser shall not create or permit to accrue liens or adverse claims against the Property which constitute a lien or claim against Seller's interest in the Property. Purchaser shall pay to Seller all amounts, costs and expenses, including reasonable attorneys' fees, incurred by Seller to remove any such liens or adverse claims.

13.  Compliance with Laws.  Except for matters which Seller has created, suffered, or permitted to exist prior to the date of this Contract, Purchaser shall comply or cause compliance with all laws and regulations of any governmental authority which affect the Property or the manner of using or operating the same, and with all restrictive covenants, if any, affecting title to the Property or the use thereof.

14.  Recording of Contract; Deed Tax.  Purchaser shall, at Purchaser's expense, record this Contract in the Office of the County Recorder or Registrar of Titles in the county in which the Property is located within four (4) months after the date hereof. Purchaser shall pay

any penalty imposed under Minn. Stat. 507.235 for failure to timely record the Contract. Seller shall, upon Purchaser's full performance of this Contract, pay the deed tax due upon the recording of the deed to be delivered by Seller.

15. **Notice of Assignment.** If either Seller or Purchaser assigns its interest in the Property, the assigning party shall promptly furnish a copy of such assignment to the non-assigning party.

16. **Protection of Interests.** If Purchaser fails to pay any sum of money required under the terms of this Contract or fails to perform any of the Purchaser's obligations as set forth in this Contract, Seller may, at Seller's option, pay the same or cause the same to be performed, or both, and the amounts so paid by Seller and the cost of such performance shall be payable at once, with interest at the rate stated in paragraph 4 of this Contract, as an additional amount due Seller under this Contract. If there now exists, or if Seller hereafter creates, suffers or permits to accrue, any mortgage, contract for deed, lien or encumbrance against the Property which is not herein expressly assumed by Purchaser, and provided Purchaser is not in default under this Contract, Seller shall timely pay all amounts due thereon, and if Seller fails to do so, Purchaser may, at Purchaser's option, pay any such delinquent amounts or take any actions reasonably necessary to cure defaults there under and deduct the amounts so paid together with interest at the rate provided in this Contract from the payments next coming due under this Contract.

17. **Defaults and Remedies.** The time of performance by Purchaser of the terms of this Contract is an essential part of this Contract. If Purchaser fails to timely perform any term of this Contract, Seller may, at Seller's option, elect to declare this Contract cancelled and terminated by notice to Purchaser in accordance with applicable law or elect any other remedy available at law or in equity. If Seller elects to terminate this Contract, all right, title, and interest acquired under this Contract by Purchaser shall then cease and terminate, and all improvements made upon the Property and all payments made by Purchaser pursuant to this Contract (including escrow payments, if any) shall belong to Seller as liquidated damages for breach of this Contract. Neither the extension of the time for payment of any sum of money to be paid hereunder nor any waiver by Seller of Seller's rights to declare this Contract forfeited by reason of any breach shall in any manner affect Seller's right to cancel this Contract because of defaults subsequently occurring, and no extension of time shall be valid unless agreed to in writing. After service of notice of default and failure to cure such default within the period allowed by law, Purchaser shall, upon demand, surrender possession of the Property to Seller, but Purchaser shall be entitled to possession of the Property until the expiration of such period. Failure by Seller to exercise one or more remedies available under this paragraph 17 shall not constitute a waiver of the right to exercise such remedy or remedies thereafter.

18. **Binding Effect.** The terms of this Contract shall run with the land and bind the parties hereto and the successors in interest.

19. **Headings.** Headings of the paragraphs of this Contract are for convenience only and do not define, limit, or construe the contents of such paragraphs.

20. **Additional Terms:** Check here if ■ an addendum to this Contract containing additional terms and conditions is attached hereto.

Seller                                                      Purchaser

3538 Newton LLC
(name of Seller)

By: _____                        (signature) Sergio Fernandez Rodriguez
(signature) Anna Miranda

Its: Owner                                                 _____
(type of authority)                                         (signature)

By: _____
(signature) Riaz Shad

Its: Owner
(type of authority)

Minnesota Uniform Conveyancing Blanks   Form 30.1.2

State of Minnesota, County of  Hennepin

This instrument was acknowledged before me on  10/26TH/2013 , by Anna Miranda
                                        (month/day/year)                          (name of authorized signer)

                                                as  Owner
                                                        (type of authority)

and by  Riaz Shad
                                        (name of authorized signer)
as  Owner                              of  3538 Newton LLC
        (type of authority)                              (name of Seller)

(Stamp)

ROLANDO A. MIRANDA
Notary Public
State of Minnesota
My Commission Expires
January 31, 2017

(signature of notarial officer)

Title (and Rank):  NOTARY  PUBIIC

My commission expires:  JANUARY 31, 2017
                                (month/day/year)

State of Minnesota, County of  Hennepin

This instrument was acknowledged before me on  10/26/2013 , by  Sergio Fernandez Rodriguez
                                        (month/day/year)

(insert name and marital status of each Purchaser)

(Stamp)

ROLANDO A. MIRANDA
Notary Public
State of Minnesota
My Commission Expires
January 31, 2017

(signature of notarial officer)

Title (and Rank):  NOTARY  PUBIIC

My commission expires:  JANUARY 31, 2017
                                (month/day/year)

THIS INSTRUMENT WAS DRAFTED BY:
(insert name and address)

Anna Miranda
3040 4th Ave S
Minneapolis, MN 55408

TAX STATEMENTS FOR THE REAL PROPERTY DESCRIBED IN THIS
INSTRUMENT SHOULD BE SENT TO:
(insert legal name and residential or business address of Grantee)

Sergio Fernandez Rodriguez
3538 Newton Ave N
Minneapolis, MN 55412

Note: .Failure to record this contract for deed may give other parties priority over Purchaser's interest in the property.